```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------x
                               :
In re:                         :    CASE NO. 15-50148(CEC)
                               :
     MARGARETTE CHARLES,       :    CIVIL CASE NO. 3:16CV746(AWT)
                               :
          Debtor.              :
                               :
-------------------------------x
```

### RULING ON BANKRUPTCY APPEAL

Appellant Margarette Charles filed a Chapter 13 petition on February 3, 2015.  On February 1, 2016, the Trustee moved to dismiss the case with prejudice, and the Bankruptcy Court granted the motion.  Charles timely filed a motion for a 21-day extension of time in which to file a notice of appeal, but her motion was denied.  The appellant appeals the Bankruptcy Court's denial of her motion for an extension of time.

"Generally in bankruptcy appeals, the district court reviews the Bankruptcy Court's factual findings for clear error and its conclusions of law de novo."  In re Charter Commc'ns Inc., 691 F.3d 476, 482-83 (2d Cir. 2012).  However, a decision as to whether to grant a motion pursuant to Rule 8002 to extend the time to appeal is reviewed for abuse of discretion.  See In re Singson, 41 F.3d 316, 320 (7th Cir. 1994).

As noted above, the appellant's Chapter 13 case was filed on February 3, 2015.  On February 1, 2016 the Chapter 13 Trustee moved

to dismiss the case "for unreasonable delay that was prejudicial to creditors and denial of confirmation at the hearing held on January 14, 2016." (Trustee's Mot. to Dismiss (Doc. No. 14-1) at 1). In the motion the Trustee recited that the debtor had not made any plan payments. The Trustee's motion to dismiss was granted on March 1, 2016, and the case was dismissed without prejudice.

The appellant moved for a 21-day extension to file a notice of appeal. She states that there was "good cause" for an extension. (Appellant's Brief (Doc. No. 13) at 11 of 31). However, the appellant provides this court with no factual basis for concluding that there was good cause for an extension. Rather she argues that a pro se litigant's pleadings should be construed liberally and that her "[e]xtension request should have been interpreted liberally, not harshly". (Appellant's Brief (Doc. No. 13) at 6 of 31). Nor is there any indication that the appellant gave the Bankruptcy Court any different grounds for considering whether there was good cause for an extension. On the other hand, the Trustee presented the Bankruptcy Court with the fact that the case had been filed approximately a year earlier, that the debtor had not made any plan payments, and that confirmation had been denied the previous month. These are all facts that were apparent from the docket in the case.

Under these circumstances, it was not an abuse of discretion for the Bankruptcy Court to deny the appellant's motion for an extension

of time in which to file her notice of appeal.

      Accordingly, the order of the Bankruptcy Court is hereby AFFIRMED.

      The Clerk shall close this case.

      It is so ordered.

      Signed this 27th day of March, 2017 at Hartford, Connecticut.

                                                 /s/AWT
                                    Alvin W. Thompson
                              United States District Judge